IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00855-BNB

JASON W. BULLOCK,

    Plaintiff,

v.

HANS C. COESTER,

    Defendant.

---

ORDER OF DISMISSAL

---

Plaintiff, Jason Bullock, resides in Arvada, Colorado. On March 24, 2014, he filed *pro se* a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3) and a Complaint (ECF No. 1) in which he asserts a medical malpractice claim against Defendant. He has been granted leave to proceed under § 1915.

On May 6 , 2014, the Court entered an order (ECF No. 7) directing Mr. Bullock to show cause within thirty days of the order why this action should not be dismissed for lack of federal subject matter jurisdiction. In response to the May 6 order, Plaintiff submitted a letter and an amended page two of the Complaint (ECF No. 8) on May 30, 2014.

**I. Pro Se Plaintiff**

The Court must construe the filings liberally because Mr. Bullock is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991); *see also Trackwell v. United States,*

472 F.3d 1242, 1243 (10th Cir. 2007) (holding allegations in pro se pleadings and other papers to less stringent standards than those drafted by attorneys).  If the Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.  However, the Court should not act as an advocate for *pro se* litigants.  *See id.*  The Court also may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged.  *Associated Gen. Contractors of Cal., Inc. V. Cal. State Council of Carpenters,* 459 U.S. 519, 526 (1983).  *See also Whitney v. New Mexico,* 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins,* 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").  A plaintiff's *pro se* status does not entitle him to application of different rules.  *See Montoya v. Chao,* 296 F.3d 952, 957 (10th Cir. 2002).

## II. Lack of Subject Matter Jurisdiction

It is the Court's duty to assure itself of its subject matter jurisdiction before proceeding with any case.  *See Citizens Concerned for Separation of Church & State v. City & County of Denver,* 628 F.2d 1289, 1297, 1301 (10th Cir. 1980).  Rule 12 of the Federal Rules of Civil Procedure empowers a court to dismiss a complaint for lack of subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(b)(1) and (h)(3).  Dismissal for lack of jurisdiction is not a judgment on the merits of a plaintiff's case.  Rather, it calls for a

determination that the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the allegations of the complaint. *See Castaneda v. INS,* 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing that federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Basso v. Utah Power & Light Co.,* 495 F.2d 906, 909 (10th Cir. 1974). A court lacking jurisdiction "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *See Basso,* 495 F.2d at 909; *see also McAlester v. United Air Lines, Inc.,* 851 F.2d 1249, 1252 (10th Cir. 1988) (issue of subject matter may be raised *sua sponte* by the court at any point in the proceedings). The dismissal is without prejudice. *Brereton v. Bountiful City Corp.,* 434 F.3d 1213, 1218 (10th Cir. 2006).

### III. Analysis

As explained in the Order to Show Cause, there are two statutory bases for federal subject matter jurisdiction: federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); *and* 28 U.S.C. § 1332 ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different States . . . ").

In response to the Order to Show Cause, Plaintiff concedes that he is pursuing a state law medical malpractice claim against Defendant. (*See* ECF No. 8 at 1). Plaintiff asserts that he has been unable to obtain legal representation because of a conflict of

interest and that he cannot receive a "fair trial" if he brought this claim in state court. (*Id.*) He contends that his constitutional rights have been violated. (*Id.*) Finally, he asserts jurisdiction pursuant to the "Federal Torts Act" and the Colorado Constitution. (*Id.* at 2).

Mr. Bullock's conclusory and unsupported allegation that his Sixth Amendment constitutional rights have been violated does not provide a basis for subject matter jurisdiction. Merely making vague and conclusory allegations that his federal constitutional rights have been violated does not entitle a *pro se* pleader to a day in court, regardless of how liberally the court construes such pleadings. *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Here, Mr. Bullock has not alleged any facts that would give rise to a legally-cognizable constitutional violation.

Moreover, Mr. Bullock cannot assert a claim against Defendant under the Federal Tort Claims Act ("FTCA"). The FTCA "was designed primarily to remove the sovereign immunity of the United States from suits in tort." *Millbrook v. United States,* 133 S. Ct. 1441, 1443 (2013) (citing *Levin v. United States,* 133 S. Ct. 1224, 1228 (2013)). The Act gives federal district courts exclusive jurisdiction over claims against the United States for "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission" of a federal employee "acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1).

Despite the Court's Order to Show Cause, Plaintiff has failed to fulfill his burden

in establishing the Court's subject matter jurisdiction over this case. *See Basso,* 495 F.2d at 909. Mr. Bullock fails to assert any claims that specifically raise a federal question and fails to allege any facts or state action that arguably might support a federal question claim against Defendant. Instead, Mr. Bullock asserts only state law claims for medical malpractice. If Mr. Bullock wishes to pursue a medical malpractice claim against Defendant, he must do so in state court. As a consequence, this action must be dismissed. Accordingly, it is

ORDERED that the Complaint and action are DISMISSED WITHOUT PREJUDICE due to the Court's lack of subject matter jurisdiction. It is

FURTHER ORDERED that all pending motions are DENIED as moot. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he must also pay the full $505.00

appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Dated June  5 , 2014 at Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court